Battle, J.
 

 The case stated in the present bill varies in several important particulars from that which was presented by the pleadings in relation to the same subject matter in
 
 Allen
 
 v.
 
 Miller,
 
 (ante 146,) and in which we sustained a demurrer for multifariousness. There, the bill was filed by the widow, and the children and heirs-at-law of C. A. Allen, deceased, against the present defendant, Alfred 0. Miller, for the purpose of converting him into a trustee on account of fraud, and also, against the present plaintiff, John S. Davis, as administrator of C. A. Allen, praying for an account and settlement of the estate of his intestate. The plaintiffs also claimed to be creditors of the estate, and sought to have their debts ascertained and paid, and the widow prayed to have her dower assigned out of the land alleged to have been fraudulently purchased by the defendant Miller. The bill was manifestly multifarious, and we so declared it to be, for the reasons set forth in our opinion. The present bill is filed by the administrator of C. A. Allen, together with the widow and heirs-at-law of the deceased, against Alfred O. Miller, and the plaintiffs, state that the personal assets of the deceased having been exhausted in the payment of his debts, and there being other debts due from his estate still remaining unpaid, it became
 
 *449
 
 necessary to sell his lands for the purpose of discharging them, and with that view a petition was filed by the administer, heirs-at-law, and widow of the deceased, in the County Court of the county where administration on his estate was granted; and an order was obtained for selling all his lands, and thereby converting them into assets for the payment of the debts as prescribed by law. The plaintiffs then charge the defendant with fraud in procuring title to the tract of land in question, and pray to have the sheriff’s deed brought into Court and cancelled, and for such other relief as may enable them to have the said tract of land sold for the purpose of paying the remaining debts of the deceased. To this bill, the defendant demurred for multifariousness, and his counsel relies on the authority of the former case. The demurrer cannot be sustained. We have already said that the present differs from the former case in several important particulars.— The difference is manifest from the summary which we have given of the allegations of the two bills. In the present, all the parties plaintiff joined in the petition for the sale of the land, and they have a connected interest in it, and there is no repugnancy in their respective rights. They are all interested in having the cloud of the defendant’s title removed, so that the land may be sold for the benefit of the decedent’s estate. The administrator and the heirs were certainly necessary parties, both in the petition to the County Court and the present bill. The widow need not have joined in the petition for the sale of the land, but it was not improper for her to do so; and if she wished to waive her claim for a specific assignment of dower in the land, she was a necessary party in order to bind her, and to prevent her from setting up a claim for it afterwards. Being then a proper party to the petition, it was necessary to mate her a party to the present suit, the object of which is to render the proceedings in the petition in relation to the land in question, effectual. There is, therefore, no multifariousness in the bill, and the demurrer must be overruled. The order of the Court sustaining the demurrer must be reversed, and this opinion must be certified to the end that
 
 *450
 
 tbe demurrer may be overruled, and tbe defendant be ordered to answer.
 

 Per Curiam, Decree accordingly.